944 F.2d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald W. BEARD, Plaintiff-Appellant,
v.
GENERAL CONTRACTORS, INC., et al. Defendant-Appellee.
 No. 90-35837.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 9, 1991*.
Decided Sept. 19, 1991.
 
 Before WRIGHT, FARRIS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Beard sued his former employer, General Contractors, Inc. ("GCI"), under 18 U.S.C. § 1964(c) (1988), part of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Beard claimed that GCI had engaged in a pattern of racketeering activity by pocketing insurance-premium withholdings from Beard's and other employees' paychecks, requiring them to work extra hours for no pay, and mailing fraudulent statements to governmental agencies. After considering affidavits filed by both sides, the district court granted partial summary judgment for GCI. Beard appeals. We affirm.
 
 
 3
 * Beard claims that four of GCI's affidavits in support of summary judgment violated Fed.R.Civ.P. 56(e)[1] because they were "form affidavit[s]," which merely recited ultimate legal conclusions concerning GCI's liability under RICO. "[A]ffidavit[s] [which] only ... set forth conclusory allegations ... 'will not create a triable issue of fact.' " United States v. Lot 4, Block 5 of Eaton Acres, 904 F.2d 487, 492 n. 3 (9th Cir.1990) (citation omitted); see Shane v. Greyhound Lines, Inc., 868 F.2d 1057, 1061 (9th Cir.1989).
 
 
 4
 However, GCI submitted other substantial materials in support of its motion. As the district court stated, GCI submitted "a precise synopsis of who was employed, when, when their [insurance] cards were submitted, when each was added to the [insurance] plan, and when the underwriter issued an invoice." After excluding the defective affidavits, and reviewing de novo, AARP v. Farmers Group, No. 90-55872, slip op. 11393, 11401 (9th Cir. Aug. 20, 1991), we agree with the district court that "there were at most only two" employees who were defrauded by GCI's alleged insurance scam.
 
 II
 
 5
 Beard also appeals the district court's grant of summary judgment on his RICO claim. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment ... upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989) (quoting Celotex ).
 
 
 6
 To prevail, Beard must establish at least a genuine issue of fact that he was injured in his "business or property," 18 U.S.C. § 1964(c), by "conduct ... of an enterprise ... through a pattern ... of racketeering activity." Sedima, S.P.R.L. v. Imex Co., 473 U.S. 479, 496 (1985). "[T]he statute requires no more than this." Id. at 497.
 
 
 7
 To form a "pattern" under 18 U.S.C. § 1961(5), there must be two predicate racketeering acts, and they must be:
 
 
 8
 "related, and ... amount to or pose a threat of continued criminal activity".... To satisfy the continuity prong of the test, one [must] ... show that the predicates pose a threat of continued criminal activity, such as when the illegal conduct is "a regular way of conducting [a] defendant's ongoing legitimate business."
 
 
 9
 Ticor Title Insurance v. Florida, 937 F.2d 447, 450 (9th Cir.1991) (quoting H.J. Inc. v. Northwestern Bell, 492 U.S. 229, 243 (1989); citations omitted; emphasis in original).
 
 
 10
 Beard has not established a genuine issue of fact regarding the "continuity prong," Ticor, 937 F.2d at 450, of the racketeering-pattern element of his RICO claim. See Celotex, 477 U.S. at 322-23. "Whether the [alleged mail-fraud] predicates ... establish a threat of continuing racketeering activity depends on the specific facts of each case." H.J. Inc., 492 U.S. at 242. On the facts of this case, we do not perceive such a threat.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Rule 56(e) states: "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed.R.Civ.P. 56(e)