952 F.2d 1399
 RICO Bus.Disp.Guide 7918
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John M. ROSS; David L. Ramsay; Willa D. Ramsay; Anthony
Terrizzi; Patricia Terrizzi; Warson W. Lunt;
Roy Hastings; Edna Hastings; Dennis
Jaeger; Sonja Echt,
Plaintiffs-Appellants,
v.
Thomas D. ELLIOTT; Joel C. Estes; E. Myles Harvey;
William Davis; Herbert Katz; James W. Meyers; William B.
Enright; Gordon Thompson, Jr., Hon.; Earl B. Gilliam;
Peter K. Nunez; John K. Swan; Luce, Forward & Hamilton, an
association of unknown character, Defendants-Appellees.
John M. ROSS; David L. Ramsay; Willa D. Ramsay; Anthony
Terrizzi; Patricia Terrizzi; Watson W. Lunt;
Roy Hastings; Dennis Jaeger; Sonja
Echt, Plaintiffs-Appellants
v.
Thomas D. ELLIOTT; Joel C. Estes; E. Myles Harvey; Howard
B. Frank; William Davis; Herbert Katz; James W. Meyers;
William B. Enright; Gordon Thompson, Jr., Hon.; Earl B.
Gilliam; Peter K. Nunez; John K. Swan, et al., Defendants-Appellees.
 Nos. 90-55079, 89-55917 and 89-56262.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 23, 1991.*
Decided Jan. 13, 1992.
 
 Before EUGENE A. WRIGHT, GOODWIN and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this consolidated appeal, John M. Ross, an attorney, and Sonja Echt appeal the district court's order dismissing their RICO action and their action to quiet title against the defendants.[1] In his complaint, Ross alleges that the defendants, who include federal judges and United States attorneys, conspired, in violation of RICO, to deprive Ross and his clients of certain real property erroneously included in the bankruptcy estates of Lewis W. Shurtleff and Frontier Properties, Inc. ("Shurtleff bankruptcy"). The district court held that Ross's claims against the judges and United States attorneys are barred by judicial and prosecutorial immunity, and that his claims against the remaining defendants are barred by res judicata. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Claims Against the Federal Defendants
 
 
 4
 The district court found Ross's complaint to be a "confused rambling narrative of conclusions and charges many of which are ambiguous, redundant, vague and in some respects unintelligible." In the complaint, Ross appears to claim that Chief District Judge Thompson, District Judges Gilliam and Enright, Chief Bankruptcy Judge Meyers, and former Bankruptcy Judge Katz violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, by conspiring to (1) deprive Ross's clients of their ownership interests in certain real property, and (2) prevent Ross from practicing law and earning fees by holding him in contempt of court, threatening him, and suspending him from practicing law. Ross also claims that United States Attorney Peter Nunez and Assistant United States Attorney Pat Swan wrongfully prosecuted him for criminal contempt of court after Ross disobeyed Judge Thompson's order requiring him to notify Ross's clients of his suspension from practice in the Southern District of California. The district court granted the federal defendants' motion to dismiss on immunity grounds.
 
 
 5
 "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). Immunity attaches even if the acts were in error or were performed maliciously. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Immunity does not attach, however, if a judge acts in the clear absence of all jurisdiction, or performs an act which is not judicial in nature. Ashelman, 793 F.2d at 1075.
 
 
 6
 Similarly, prosecutors also are absolutely immune from damage actions for their prosecutorial activities. Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989). All actions taken by a prosecutor in preparation for his or her case are protected. Id.
 
 
 7
 Here, there is no indication in the record that the named judges acted in the absence of jurisdiction or performed any nonjudicial act to cause Ross's alleged damages. Furthermore, Ross concedes that his claims against the two federal prosecutors arise out of their prosecutorial activities in pursuing Ross's violation of Judge Thompson's order. Accordingly, the district court did not err by dismissing Ross's claims against these defendants. See Ashelman, 793 F.2d at 1075; Hansen, 885 F.2d at 646.
 
 II
 
 8
 Claims Against Defendants Thomas Elliot and Joel Estes
 
 
 9
 We review the district court's grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). We must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 10
 We review de novo the district court's determination that an issue is subject to the doctrine of collateral estoppel. See Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir.1988).
 
 
 11
 The doctrine of collateral estoppel "provides that 'once an issue is actually litigated and necessarily determined, that determination is conclusive in subsequent suits based on a different cause of action but involving a party or privy to the prior litigation.' " Peck v. Commissioner, 904 F.2d 525, 527 (9th Cir.1990) (quoting United States v. ITT Rayonier, Inc., 627 F.2d 996, 1000 (9th Cir.1980)).
 
 A. The RICO Claim
 
 12
 Although vague and rambling, Ross's brief on appeal appears to contend that the district court erred by dismissing Ross's RICO claims against Elliot, a trustee in the Shurtleff bankruptcy proceeding, and Elliot's attorney, Estes, under the doctrine of collateral estoppel. This contention lacks merit.
 
 
 13
 To recover damages under RICO, the plaintiff must establish at least a genuine issue of fact that he was injured in his "business or property," 18 U.S.C. § 1964(c), by "conduct ... of an enterprise ... through a pattern ... of racketeering activity." Sedima, S.P.R.L. v. Imex Co., 473 U.S. 479, 496 (1985). "[T]he statute requires no more than this." Id. at 497. To establish a pattern of racketeering activity, the plaintiff must show the existence of at least two predicate racketeering acts that are related and that "amount to or pose a threat of continued criminal activity." Ticor Title Ins. Co. v. Florida, 937 F.2d 447, 450 (9th Cir.1991) (internal quotation omitted).
 
 
 14
 Here, Ross attempted to show injury to his business by alleging that Elliot and Estes attempted to deprive him of the ability to earn attorney fees in the Shurtleff bankruptcy proceedings and in future bankruptcy proceedings. In several prior actions brought by Ross against both Elliot and Estes, however, it has been decided that Ross did not have an expectation of an economic or business relationship arising out of any bankruptcy proceedings. See, e.g., Ross v. Thompson, No. CV 84-7023 MRP (C.D.Cal. Feb. 19, 1985). Ross never appealed any of these prior decisions. Thus, Ross is barred from asserting an expectation of such an economic or business relationship under the doctrine of collateral estoppel. See Peck, 904 F.2d at 527. Furthermore, Ross has failed to allege the existence of two or more related predicate racketeering acts which pose a threat of continued criminal activity. See Ticor Title Ins., 937 F.2d at 450. Accordingly, the district court did not err by granting Elliot's and Estes's motion for summary judgment and dismissing Ross's claims against these two defendants under the RICO statute.
 
 B. Quiet Title Claim
 
 15
 Ross also appears to contend that because in the Shurtleff bankruptcy proceeding the bankruptcy court and this court wrongfully approved the sale of certain property as part of the debtor's estate, the district court erred by dismissing his quiet title claim under the doctrine of res judicata. The doctrine of res judicata encompasses the doctrines of issue preclusion, also known as collateral estoppel, and claim preclusion. Robi, 838 F.2d at 321. "The doctrine of issue preclusion prevents relitigation of all 'issues of fact or law that were actually litigated and necessarily decided' in a prior proceeding." Id. at 322 (quoting Segal v. American Tel. & Tel. Co., 606 F.2d 842, 845 (9th Cir.1979)).
 
 
 16
 Ross presents no valid argument that the holding of In re Lewis Shurtleff, Inc., 778 F.2d 1416 (9th Cir.1985), in which this court determined that the disputed property was part of the debtor's estate, was in error. Ross appears to be attempting simply to relitigate an issue previously decided by this court. The doctrine of collateral estoppel bars such relitigation. See Robi, 838 F.2d at 322. Thus the district court did not err by granting Elliot's and Estes's motion for summary judgment on the issue of ownership of the subject property.
 
 III
 
 17
 Defendants E. Myles Harvey and the Law Firm of Luce,
 
 Forward, Hamilton & Scripps
 
 18
 Defendant E. Myles Harvey is a partner in the law firm of Luce, Forward, Hamilton & Scripps ("law firm"). Ross's claim that Harvey recommended that Ross be suspended from practicing law to intimidate him, however, arises out of Harvey's conduct as a member of the Standing Committee on Discipline for the Southern District of California. Because, as a member of the committee, Harvey performed functions integrally related to the judicial process, he is entitled to absolute quasi-judicial immunity. See Mullis v. United States Bankruptcy Court, Dist. of Nevada, 828 F.2d 1385, 1390-91 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988). The record does not indicate that Harvey acted in the absence of all jurisdiction in performing his duties. See id. Accordingly, the district court did not err by dismissing Ross's claim against Harvey.
 
 
 19
 Ross's claim against the law firm itself is derived from his claim against Harvey, and appears to be that the law firm conspired to prevent him from practicing law and earning fees in the Shurtleff and other bankruptcy proceedings in violation of the RICO statute. The law firm moved to dismiss the action and the district court, upon considering matters outside of the pleadings, construed the motion as one for summary judgment. As previously noted, and as the district court found, all of the issues central to Ross's claim of RICO violations have been previously adjudicated and decided against him. See In re Shurtleff, 778 F.2d 1416, 1424 (9th Cir.1985); Ross v. Thompson, et al., No. CV 84-7023 MRP (C.D.Cal. Feb. 19, 1985). Thus, the district court did not err by granting the law firm's motion for summary judgment on the ground that Ross's claims were barred by the doctrine of collateral estoppel.[2]
 
 IV
 Sanctions on Appeal
 
 20
 The federal defendants request an award of attorney fees and double costs as a sanction for filing this appeal. We may impose damages as a sanction for filing a frivolous appeal. See Wilcox v. CIR, 848 F.2d 1007, 1009 (9th Cir.1988). "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." Id. Ross's brief on appeal raises arguments that have been previously litigated and rejected numerous times. In light of these frivolous arguments and Ross's prior record of practice, we find an award of sanctions to be appropriate in this case. See, e.g., Standing Comm. on Discipline of the United States Dist. Court v. Ross, 735 F.2d 1168, 1172-73 (9th Cir.1984). Accordingly, we award defendants' their attorneys fees and double costs on appeal.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Ross's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The record indicates that the remaining named plaintiffs do not join in this appeal and claim that they are no longer represented by plaintiff Ross
 
 
 [2]
 The district court imposed a $5,000 sanction upon Ross and ordered him to pay defendants' attorney fees and costs based on a finding that Ross's complaint and arguments were patently frivolous, and that the lawsuit was instituted in bad faith for the improper purpose of harassing defendants. The district court also permanently enjoined all plaintiffs from bringing any legal or equitable action based on the act alleged in or issues raised by the complaint without the express permission of the district court. Finally, the district court recommended that Ross's conduct in initiating this and prior actions be referred to the "Standing Committee on Discipline" of the Southern District of California for investigation. Because Ross does not raise any of these issues in his opening brief, we deem them waived for purposes of this appeal. See Nilsson et al. v. Louisiana Hydrolec, 854 F.2d 1538, 1548 (9th Cir.1988)