976 F.2d 737
 RICO Bus.Disp.Guide 8113
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Karl-Heinz HERBORG, Plaintiff-Appellant,
v.
INTER-CONTINENTAL BROKERAGE CORPORATION, et al. Defendants-Appellees
 No. 91-55274.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 20, 1992.
Decided Sept. 25, 1992.
 
 Before WILLIAM A. NORRIS, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Karl-Heinz Herborg appeals the trial court's award of $2.5 million damages and $53,600 attorney's fees as the result of a default judgment entered against Inter-Continental Brokerage Corporation (ICB), Wolfgang Heenen, Michele Heenen, and Lutz Pilling. Herborg contends that (1) the trial court should have awarded him $3.75 million damages under his pendent claim for breach of contract; (2) under California law, he should have received prejudgment interest on this amount; and (3) his RICO damages under 18 U.S.C. 1964(c) should have been trebled to equal $7.5 million. We vacate the district court's award of damages and remand for entry of a new award.
 
 
 3
 * Herborg signed a contract with ICB guaranteeing a return of $3.75 million on his $2.5 million investment, but none of his money was returned. When ICB failed to respond to Herborg's complaint, the district court entered a default judgment against ICB and awarded Herborg $2.5 million damages and attorney's fees totalling $53,600. In its decision, the district court did not specify the basis for its award. We review a lower court's computation of damages for clear error. See Galindo v. Stoody Co., 793 F.2d 1502 (9th Cir.1986).
 
 
 4
 The basic object of contract damages in California is compensation, which must include those profits that are expressly provided for in a contract or otherwise clearly ascertainable. See Cal.Civ.Code §§ 3300, 3301, Schiffman v. Peerless Motor Car Co., 13 CA 600 (1910), 1 Witkin, Summary of California Law §§ 813, 823 (9th ed. 1987). Although the record in this case presented all the evidence necessary for the computation of Herborg's damages, including his expected profit, the district court provided no explanation for its failure to award Herborg the additional $1.25 million the contract guaranteed. The district court's award was therefore clearly erroneous.
 
 II
 
 5
 Herborg next contends that he should have been granted prejudgment interest on his contract damages. We review the trial court's denial of prejudgment interest for an abuse of discretion. See Adams v. Johns-Manville Corporation, 876 F.2d 702 (9th Cir.1989). California Civil Code § 3287 states, "Every person who is entitled to recover damages certain ... and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day." Section 3289 establishes that if a contract does not stipulate a legal rate of interest, the party in breach shall pay interest at a rate of ten percent per year. In this case, Herborg's damages were easily calculable from his contract with ICB. It was therefore an abuse of discretion for the trial court to fail to award Herborg ten percent prejudgment interest. On remand, the district court shall award Herborg interest on $3.75 million running from the date the money was to be repaid him.
 
 III
 
 6
 Finally, Herborg contends that it was error for the trial court to fail to award him trebled damages under RICO, Title 18 U.S.C. § 1964(c). Herborg contends he is entitled to a total of $7.5 million under his RICO claim. Upon entry of a default judgment, facts alleged to establish liability are binding upon the defaulting party, and those matters may not be relitigated on appeal. See Alan Neuman Productions v. Albright, 862 F.2d 1388 (9th Cir.), cert. denied, 493 U.S. 858 (1989). Herborg only requested an award of attorney's fees in his RICO claim; the fact that the trial court granted this request indicates that his RICO count was well-pleaded. In addition, although pleading requirements should be enforced strictly when a default judgment is sought under RICO, Id. at 1393, Herborg described specific instances of mail fraud in his complaint and on appeal, and he identified the corresponding United States Code sections which the Defendants violated.
 
 
 7
 We need not determine whether Herborg might be entitled to a base award of $3.75 million because he only asks for $2.5 million on appeal. A base award of $2.5 million compensatory damages is clearly a reasonable assessment of the loss Herborg sustained due to the Defendants' illegal activities. See Ticor Title Ins. Co. v. Florida, 937 F.2d 447 (9th Cir.1991), 18 U.S.C. § 1964(c). Thus, the court's failure to award Herborg mandatory treble damages in the amount of $7.5 million was clearly erroneous.
 
 CONCLUSION
 
 8
 Upon remand, the district court shall enter an order awarding Herborg damages as follows:
 
 
 9
 1) against defendants Intercontinental Brokerage Corporation and Michelle Heenen under the breach of contract count the sum of $3,750,000, together with prejudgment interest at the rate of ten percent (10%) per annum on said sum from March 1, 1990, (the date of promised return of the investment); and
 
 
 10
 2) against defendant Wolfgang Heenen and Lutz Pilling under the securities law violation counts and the RICO count the sum of $2,500,000 trebled under the RICO count to $7,500,000, together with prejudgment interest on $2,500,000 at the rate of ten percent (10%) per annum on said sum from January 15, 1990 (the date of the taking).
 
 
 11
 VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 21