988 F.2d 119
 RICO Bus.Disp.Guide 8235
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GEOPHYSICAL SYSTEMS CORPORATION, Plaintiff-Appellant/Cross-Appellee
v.
RAYTHEON COMPANY, INC; Seismographic Service Corporation,
Defendants-Appellees/Cross-Appellant
 Nos. 90-56373, 90-56374.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1992.
Decided Feb. 11, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CV-85-8359-AWT; A. Wallace Tashima, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 Before TANG, PREGERSON and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Geophysical Systems Corporation ("Geophysical") is a now-bankrupt business that conducted seismic research and manufactured equipment to conduct this research. Before it also went bankrupt, Seismograph Service Corporation ("Seismograph") manufactured computer equipment for measuring seismic activity. Seismograph is a subsidiary of Raytheon Company ("Raytheon"). Geophysical is a California corporation; Seismograph is a Delaware corporation with its principal place of business in Oklahoma.
 
 
 3
 Geophysical and Seismograph had two contracts under which Seismograph would sell to Geophysical computer equipment for seismic research. The two contracts were signed in February and August 1981, respectively.
 
 
 4
 On December 21, 1987, approximately three years after Geophysical went bankrupt, Geophysical filed suit against Seismograph on various contract and warranty theories, for negligent and/or intentional misrepresentation, for violating California's unfair competition law, and for violating civil RICO. Geophysical also named Raytheon as defendant, and argued that Raytheon should be held liable as Seismograph's alter ego.
 
 
 5
 We have diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331. We affirm in part, reverse in part, and remand for proceedings consistent with this disposition.
 
 Background
 
 6
 The district court held two trials in this case, both of them jury trials.
 
 
 7
 The district court disposed of Geophysical's RICO claim in favor of Seismograph and Raytheon on summary judgment and denied Geophysical's motion for reconsideration on this issue.
 
 
 8
 Before the first case went to the jury, Raytheon and Seismograph filed several motions for directed verdict. The district court granted some of the motions.
 
 
 9
 First, the district court dismissed all of Geophysical's claims against Raytheon on the ground that Raytheon was not liable as an alter ego for Seismograph's actions.
 
 
 10
 Second, the district court dismissed all of Geophysical's fraud and misrepresentation claims as barred by Oklahoma's two-year statute of limitations.
 
 
 11
 Third, the court held that all of Geophysical's breach of warranty and breach of contract claims under the August 1981 contract were barred by the two-year limitations period provided in the contract. The district court rejected Geophysical's challenges to the validity of that provision.
 
 
 12
 Finally, in a later order, the district court held that Geophysical's breach of contract claims under the February 1981 contract were barred by California's four-year statute of limitations. The district court rejected Geophysical's contentions that the statute was tolled by Seismograph's promises to perform under the contract.
 
 
 13
 With these issues resolved, the jury only had to decide:
 
 
 14
 1. contract-related disputes arising out of the February 1981 contract, namely:
 
 
 15
 (a) breach of express and/or implied warranty under the February 1981 contract, and;
 
 
 16
 (b) breach of the implied covenant of good faith and fair dealing under the February 1981 contract, and;
 
 
 17
 2. violation of California laws against unfair competition.
 
 
 18
 The jury returned a $48 million verdict against Seismograph. The parties dispute whether the jury rendered a special or general verdict.
 
 
 19
 After the jury's verdict, the district court granted in part and denied in part Seismograph's motion for judgment notwithstanding the verdict or for a new trial. In addition, the district court withheld consideration of Seismograph's motion for judgment notwithstanding the verdict or for a new trial on Geophysical's unfair competition claim. After the second trial on Geophysical's contract-related claims, the district court ruled on Seismograph's motion on the unfair competition claim. The district court denied Seismograph's motion based on Geophysical's acceptance of a remittitur of all damages on the unfair competition claim in excess of $1.9 million. The district court then entered judgment on the remaining verdicts from the first and second trial and resolved motions for attorney's fees, costs, and pre- and post-judgment interest.
 
 
 20
 The parties raise numerous issues on appeal. We deal with each in turn.
 
 Analysis
 I. Issues Arising From the First Trial
 A.
 
 21
 On November 25, 1986, the district court granted summary judgment in favor of both defendants on the RICO claim. Exhibit B, ER 28-9. Geophysical argues on appeal that the district court erred. We review a district court's decision on summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We agree with the district court that summary judgment in favor of Seismograph and Raytheon on the civil RICO claim was proper.
 
 
 22
 The district court dismissed the RICO claim on the ground that Geophysical had not met its burden of producing evidence to prove the essential elements of a RICO claim against either Raytheon or Seismograph. Specifically, the district court found that Geophysical had not adduced sufficient evidence to show enterprise and pattern. ER 29.
 
 
 23
 On October 28, 1987, the district court denied plaintiff's motion for reconsideration on the RICO claim. Exhibit C, ER 30-32. The district court also denied plaintiff's request for leave to amend its pleadings on this issue, noting that it would be futile and cause delay. ER 31-2.
 
 
 24
 The district court's interpretation of the RICO enterprise and pattern requirements are questions of law that we review de novo. Ticor Title Ins. Co. v. Florida, 937 F.2d 447, 450 (9th Cir.1991). We agree with the district court that the evidence presented could not plausibly support Geophysical's allegation that Seismograph's conduct violated RICO. The pattern of conduct described by Geophysical as a RICO violation was merely negotiation between two contracting parties. Geophysical provides little indication that Seismograph's acts as alleged in the RICO claims were directed at anything more than the singular purpose of inducing Geophysical to acquire Seismograph's computers. This is not sufficient to show the necessary pattern of racketeering activity. See Sever v. Alaska Pulp Corp., Nos. 91-36067, 91-36074, slip op. 12799, 12809-11, 1992 WL 301752 (9th Cir. Oct. 26, 1992) (multiple acts amounting to no more than a single episode having a singular purpose insufficient to show pattern).
 
 
 25
 As the Supreme Court held in Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986), "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims." The facts as alleged before the district court and on this appeal could not reasonably be resolved in favor of Geophysical on its RICO claim. Summary judgment was therefore appropriate. See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).
 
 B.
 
 26
 Before the case went to the jury, the district court issued a series of orders granting some of defendants' motions for directed verdict. See Exhibits E-G, December 7, 1988; Exhibit H, December 14, 1988.[1]
 
 1.
 
 27
 The district court granted Seismograph's motion for a directed verdict on Geophysical's fraud and misrepresentation claims. Exhibit F, ER 74; Exhibit I, ER 83-4. The district court held that these claims were governed by Oklahoma's two-year statute of limitations. ER 74. Further, the district court found that Geophysical should have and actually did discover the fraud more than two years before filing its lawsuit. ER 74, 87-89.
 
 
 28
 Geophysical contends on appeal that the district court erred by applying Oklahoma's two-year statute of limitations to the fraud and misrepresentation claims. We review a district court's decision on choice of law de novo, Sparling v. Hoffman Constr. Co., 864 F.2d 635, 641 (9th Cir.1988), and conclude that Geophysical's contention is unavailing.
 
 
 29
 The district court carefully analyzed the choice of law problem presented here and correctly identified and applied the relevant legal principles. ER 83-84. The court properly rejected Geophysical's argument that the Oklahoma borrowing statute should apply. The Oklahoma borrowing statute is a choice of law provision which is inapplicable because Oklahoma is not the forum state. A federal court should apply the forum state's choice of law rules. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941). California, not Oklahoma, is the forum state. Consequently, California's governmental interests test determines choice of law. We agree with the district court that under this rule, Oklahoma's shorter statute of limitations should apply.
 
 2.
 
 30
 The district court also dismissed all of Geophysical's breach of warranty and breach of contract claims under the August 1981 contract. The court held that these claims were barred by the two-year limitations period provision in the contract. ER 76. On appeal, Geophysical reasserts the argument it made to the district court that the Oklahoma UCC provision allowing parties to agree to a shorter limitations period than would otherwise apply is a violation of Oklahoma's state constitution. The district court rejected the argument and so do we. See ER 80-83.
 
 
 31
 Contrary to Geophysical's contention on appeal, the Oklahoma UCC provision is not special legislation that would violate the Oklahoma constitution. Oklahoma's UCC provision allows contracting parties to agree to a shorter limitations period than would otherwise apply. See Okla.Stat.tit. 12A, § 2-725. That section applies to the entire class of claims that UCC Article 2 creates for contracts involving the sale of goods. Unlike the special legislation in Reynolds v. Porter, 760 P.2d 816 (Okla.1988), section 2-725 does not subdivide the class of potential plaintiffs that Article 2 creates. Cf. id. at 823 (statute of limitations applicable to actionable medical malpractice claims invalid for having carved that subclass of claims out of broader claims).
 
 3.
 
 32
 On December 14, 1988, the district court ruled that California's four-year statute of limitation barred Geophysical's claims for breach of contract under the February 1981 contract. On appeal, Geophysical contends that the district court's decision was erroneous. We review the district court's interpretation of state law de novo. Salve Regina College v. Russell, 111 S.Ct. 1217, 1221 (1991).
 
 
 33
 The district court rejected Geophysical's argument that Seismograph's promises to perform had the effect of tolling the statute. Specifically, the district court rejected the analogy to promises to repair in a breach of warranty action and held that Geophysical's tolling argument does not apply to Seismograph's promises to perform. ER 93-98. We agree. The district court properly concluded that California's four-year statute of limitation barred Geophysical's claims for breach of contract under the February 1981 contract.[2]
 
 C.
 
 34
 On March 16, 1989 the district court ruled on Seismograph's motion for judgment NOV or for a new trial. Exhibit H, ER 77. The motion was granted in part and denied in part. On appeal, Geophysical contends that the district court erred by granting the motion in part.
 
 
 35
 A district court's decision to grant a motion for a new trial is reviewed for abuse of discretion. Hard v. Burlington N. R.R., 870 F.2d 1454, 1461-62 (9th Cir.1989).
 
 1.
 
 36
 The district court initially denied Seismograph's motion for a new trial with respect to all issues of liability on the contract and contract-related claims. ER 78. Several months later, the district court reconsidered its decision and granted Seismograph's motion for a new trial on some of the contract-related liability issues. Exhibit K, ER 100-104.[3]
 
 
 37
 On appeal, Geophysical contends that the district court erred by granting Seismograph's motion. For the reasons set forth below, we reject this contention.
 
 
 38
 Based on an analysis of recent California case law, the district court concluded that it had erred by instructing the jury to apply a discovery rule to Geophysical's claim that Seismograph had breached the implied covenant of good faith and fair dealing. ER 102. The court noted that a recent California Supreme Court case made clear that an action for breach of the implied covenant is strictly a contract action under California law. See Foley v. Interactive Data Corp., 765 P.2d 373, 389 (Cal.1988).[4] As such, a discovery rule would not apply to Geophysical's implied covenant claim because such a rule normally applies only to tort claims. April Enters., Inc. v. KTTV, 195 Cal.Rptr. 421, 435 (Cal.Ct.App.1983). The district court granted Seismograph's motion for judgment NOV and a new trial based on its conclusion that the instruction to the jury applying the discovery rule to Geophysical's implied covenant claim was error.[5]
 
 
 39
 Geophysical argues on appeal as it did before the district court that Seismograph's motion should not have been granted. According to Geophysical, the discovery rule does apply to its claims that Seismograph breached the implied covenant of good faith and fair dealing. Geophysical concedes that its implied covenant claim is strictly a contract action, but argues that the discovery rule applies nonetheless under the April Enterprises exception. In April Enterprises, the California Court of Appeal held that the discovery rule can apply in a contract action where the nonbreaching party shows that the breaching party concealed its improper conduct. April Enterprises, 195 Cal.Rptr. at 437.
 
 
 40
 The district court rejected this argument and concluded that April Enterprises was no longer good law in light of the California Supreme Court's decision in Foley.
 
 
 41
 We agree with the district court that April Enterprises must be reinterpreted in light of the California Supreme Court's decision in Foley. The clear trend in California law is to limit availability of tort damages in contract actions to only those cases where a special relationship is shown. In accordance with that trend, the April Enterprises exception would apply only to those contract actions where a special relationship is shown. No such relationship is shown or even alleged by Geophysical.
 
 
 42
 The district court properly granted Seismograph's motion. Although April Enterprises was not effectively overruled by Foley, its scope was limited. The district court correctly concluded that the discovery rule should not apply to Geophysical's contract claim for breach of the implied covenant of good faith and fair dealing.
 
 2.
 
 43
 On the issue of damages for Geophysical's contract-related claims, the district court granted Seismograph's motion and ordered a new trial. Geophysical argues on appeal that this was an abuse of discretion.
 
 
 44
 The district court held that "[t]he amount of the verdict is grossly excessive, contrary to the great weight of the evidence, and probably infected by prejudice." ER 78. The court noted that prejudice likely arose from presentation of extensive evidence on claims which later were not presented to the jury because they were dismissed in the series of rulings granting directed verdict.
 
 
 45
 The district court did not err by ordering a new trial. By the time the case was finally presented to the jury, volumes of evidence had been introduced, much of it irrelevant to the relatively small number of issues ultimately left for the jury to decide. We agree with the district court that this evidence would have a prejudicial effect on the jury.
 
 
 46
 Geophysical also contends on appeal that the district court erred by ordering a new trial on damages because the jury rendered a special verdict. We disagree. The district court properly determined that the jury's verdict could not be sufficiently disaggregated and that a new trial on damages was therefore required. The district court did not abuse its discretion by awarding Seismograph a new trial on damages.
 
 II. Issues Arising from the Second Trial
 
 47
 The second trial began on April 17, 1990 and lasted two months. Pursuant to the district court's orders before and after the first trial, the second trial would resolve only the following issues of liability and damages:
 
 
 48
 1. whether Seismograph breached an express warranty in the February 1981 contract;
 
 
 49
 2. whether Seismograph breached an implied warranty of fitness for a particular purpose under the February 1981 contract; and
 
 
 50
 3. whether Seismograph breached the implied covenant of good faith and fair dealing after December 23, 1981.
 
 
 51
 ER 103.
 
 
 52
 The jury returned a verdict for Seismograph. On August 13, 1990, the district court ruled on various post-trial motions. Exhibit M, ER 113-16.
 
 
 53
 The district court denied Seismograph's motion, filed after the first trial, for judgment NOV or a new trial on Geophysical's unfair competition claim.[6] On cross-appeal, Seismograph argues that the district court erred by denying its motion for judgment NOV or new trial. Seismograph maintains that Geophysical failed to prove the elements of a violation of California's unfair competition statute and therefore judgment NOV was proper. We agree.[7]
 
 
 54
 Denial of a motion for judgment NOV is inappropriate when it is clear that the evidence and its inferences cannot reasonably support a judgment in favor of the opposing party. Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1014 (9th Cir.1985), cert. denied, 474 U.S. 1059 (1986). We conclude that the evidence as alleged by Geophysical could not reasonably support a verdict in its favor under California's unfair competition law. Specifically, Geophysical has not met its burden of proving either that it suffered a competitive injury or that there was injury to the consuming public within the meaning of the statute.
 
 
 55
 Geophysical alleges that it was in competition with Seismograph and that the deal it struck with Seismograph inflicted losses on Geophysical. The evidence presented by Geophysical is insufficient to support a verdict in its favor under section 17200 of California's Business and Professions Code. Nothing in the evidence shows that Geophysical was injured beyond the risk of loss that any party entering into a contract to buy goods assumes.
 
 
 56
 In response to Seismograph's contentions on cross-appeal, Geophysical argues that the statutory requirement of competitive injury is satisfied merely by proving that Geophysical was a competitor and that it was injured. To support its argument, Geophysical relies on the California Supreme Court's opinion in Barquis v. Merchants Collection Ass'n, 496 P.2d 817, 828 (Cal.1972).
 
 
 57
 The argument fails. Barquis merely stands for the proposition that California's unfair competition statute protects consumers as well as competitors from unfair business practices. Contrary to Geophysical's characterization of the case, Barquis does not hold that injury to a competitor satisfies the statutory definition of competitive injury. Rather, Barquis refers specifically to the statutory requirement of proving an "unfair injury to a competitor." Id. (emphasis added). The evidence presented by Geophysical to show competitive injury fails to meet this requirement.
 
 
 58
 As a final argument, Geophysical attempts to portray itself as an injured consumer. This argument also fails. Geophysical was a commercial purchaser of equipment from Seismograph. This was not what the California legislature had in mind when it extended protection against unfair competition "to the entire consuming public." See id.
 
 Conclusion
 
 59
 For the reasons set forth above, the district court's decision is affirmed in part and reversed in part. Accordingly, we remand to the district court for entry of judgment NOV on the unfair competition claim.
 
 
 60
 AFFIRMED IN PART, REVERSED IN PART, REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS DISPOSITION.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 First, the district court granted Raytheon's motion for a directed verdict and dismissed all claims against Raytheon. Exhibit E, ER 71-2. The district court rejected Geophysical's argument that Raytheon and Seismograph were alter egos. On appeal, Geophysical argues that the district court erred by granting the directed verdict in favor of Raytheon. In addition, Geophysical filed a motion asking us to invoke judicial estoppel against Seismograph on the question whether it was Raytheon's alter ego
 Because we conclude that Seismograph was not liable to Geophysical for any of the causes of action brought in this lawsuit, we need not reach the question whether Raytheon would be liable on Seismograph's behalf.
 
 
 [2]
 During the second trial, Geophysical attempted to revive its claim for breach of contract by arguing that some provisions of the February 1981 contract were warranties. The district court rejected the argument and ruled in limine on a motion brought by Seismograph that evidence of those provisions was inadmissible except as it would relate to claims that Seismograph breached implied and/or express warranty provisions that were genuinely at issue in the second trial. Further, the district court concluded that Geophysical failed to raise these issues in a timely fashion, and therefore waived any warranty claims based on these provisions of the February contract
 On appeal, Geophysical argues that the district court's ruling on Seismograph's motion was error. The argument is without merit.
 
 
 [3]
 The court's reasoning is provided in the memorandum and in the transcript of proceedings from the previous day. See Exhibit L, ER 105-112
 
 
 [4]
 The only exception to this rule is that tort damages may be assessed for breach of the implied covenant where a special relationship has been established. Foley, 765 P.2d at 394
 
 
 [5]
 The district court further ordered that the new trial would be limited to implied covenant claims arising from Seismograph's conduct after December 23, 1981. The rationale for this limitation was that without a discovery rule, California's four-year statute of limitations would bar Geophysical's implied covenant claim for any conduct by Seismograph that occurred more than four years before Geophysical filed its lawsuit on December 23, 1985
 
 
 [6]
 Initially, the district court had granted Seismograph's motion for jnov on Geophysical's claim that Seismograph violated California's unfair competition law. ER 77-78. On May 24, 1989, the district court vacated its ruling on Seismograph's motion for judgment NOV or new trial on Geophysical's unfair competition claim. Exhibit E, SER at 17-18. The court decided that it would withhold ruling on Seismograph's motion until the second trial concluded
 
 
 [7]
 Because we conclude that judgment NOV should have been granted in Seismograph's favor, we need not reach other issues raised by the parties regarding the unfair competition claim, remittitur on that claim, or post-judgment interest