MEMORANDUM *
Paul Koch, Victoria Koch, Acquvest, Inc., and Patricia Manolis (collectively, the “Defendants”) appeal a final amended judgment of the district court awarding $268,505.61 to George Nicolais and Associates, Inc. (“GNA”). The amended judg *520 ment consolidates the district court’s final judgment and its grant of attorneys’ fees to GNA, both of which the Defendants also timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
1. Sanctions Award
The monetary sanctions imposed against Paul Koch have not been appealed. The evidentiary sanctions, imposed against all of the Defendants including Paul Koch, deemed the following facts established:
1. Defendant Paul R. Koch was authorized to represent the interests of his co-defendants, Acquvest, Inc., Victoria R. Koch and Patricia Manolis, during the course of the underlying CTC bankruptcy litigation.
2. As the authorized agent for each of the ... Defendants, Mr. Koch instructed attorney Paul Couchot to enter into an engagement agreement with GNA for financial advisory and management consulting services in connection with the CTC bankruptcy litigation.
We agree with District Judge Carney that the imposition of evidentiary sanctions against the other Defendants, who did not violate any court orders, was clear error. However, although the district court judge to whom the case was later transferred abused his discretion in reinstating these sanctions, cf. Adriana Int’l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir.1990), the error was harmless. See Fed.R.Civ.P. 61; Ticor Title Ins. Co. v. Florida, 937 F.2d 447, 451 (9th Cir.1991); Ford v. Alfaro, 785 F.2d 835, 839-40 (9th Cir.1986); Bunch v. United States, 680 F.2d 1271, 1283 (9th Cir.1982).
The executed engagement letter (the “Engagement Letter”) between GNA and Defendants’ retained counsel, Winthrop Couchot, P.C., was binding upon the Defendants. Pursuant to the terms of the Engagement Letter, GNA was retained “by Winthrop Couchot ... to provide financial advisory and management consulting services ... in connection with Winthrop Couchot’s representation of its clients;” all of GNA’s work was to be done “at the direction of attorneys to assist such attorneys in rendering legal advice” on the Defendants’ behalf; and it was stipulated that “[ejach individual who executes this agreement on behalf of either party to this agreement represents and warrants to the other party that he or she has full authority and power to do so on behalf of such party, and to bind such party to this agreement.” Thus, regardless of whether his authority as an agent of the Defendants was ostensible or actual, when the Defendants’ attorney, Paul Couchot, signed the Engagement Letter, he bound the Defendants to its terms. See Cal. Civ.Code § 2315 (“An agent has such authority as the principal, actually or ostensibly, confers upon him.”); id. § 2330 (“An agent represents his principal for all purposes within the scope of his actual or ostensible authority, and all the rights and liabilities which would accrue to the agent from transactions within such limit, if they had been entered into on his own account, accrue to the principal.”). Moreover, the record clearly establishes that Paul Koch directed the actions of Winthrop Couchot on behalf of the other Defendants, and that Koch specifically instructed Couchot to retain a financial expert. The reimposition of the evidentiary sanctions was thus harmless error.
2. The Bench Trial
Because the Defendants were bound by the terms of the Engagement Letter, we find no error in the district court’s decisions to proceed with a bench trial and to award attorneys’ fees. The Engagement Letter included an irrevocable waiver of “all right to trial by jury in any action, proceeding or counterclaim (whether based on contract, tort or otherwise) arising out *521 of or relating to this letter or transactions contemplated hereby.” The enforcement of this waiver was not error. See Fuller v. City of Oakland, 47 F.3d 1522, 1530 (9th Cir.1995); see also Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 705-07, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).
3. Attorneys’ Fees
Similarly, the Engagement Letter provided that “[i]n the event that any legal action is commenced in connection with this agreement by Winthrop Couchot, Litigants or Consultant against the other, then the prevailing party shall be entitled to recover its reasonable attorneys’ fees and costs of suit.” The district court did not err in enforcing this provision and awarding fees to GNA.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.