Wayne JOHNSON and Judie Johnson,
Plaintiffs–Appellants,

v.

CITY OF PLEASANTON,
Defendant–Appellee.

Wayne JOHNSON and Judie Johnson,
Plaintiffs–Appellees,

v.

CITY OF PLEASANTON,
Defendant–Appellant.

Nos. 91–16153, 91–16181.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 1992.

Opinion Filed Nov. 23, 1992.

Opinion Withdrawn Dec. 29, 1992.

Decided Dec. 29, 1992.

Daniel C. Rooney, Redwood City, CA, for plaintiff-appellant-cross-appellee.

Dennis Beougher, Asst. City Atty., Pleasanton, CA, for defendant-appellee-cross-appellant.

Before: GOODWIN and SCHROEDER, Circuit Judges, and KEEP, District Judge.[*]

## ORDER

The opinion filed November 23, 1992, is withdrawn.

The petition for rehearing is granted in part. A new opinion will be filed concurrently with this order.

## OPINION

GOODWIN, Circuit Judge:

Wayne and Judie Johnson ("the Johnsons") appeal from a summary judgment in favor of the City of Pleasanton, and the City appeals from a partial summary judgment in favor of the Johnsons, in an action for damages and injunctive relief in a controversy over the installation of a satellite dish antenna alleged to be in violation of City of Pleasanton Municipal Code chapter 18.112 ("the Ordinance").

The Ordinance sets height, screening, and setback requirements for satellite receive-only antennas. The Johnsons concede that their satellite dish does not conform to the Ordinance, but contend that their installation is protected by the Federal Communications Act ("FCA"), 47 U.S.C. § 605, and the First and Fourteenth Amendments, all of which, they claim, trump the city's land use regulation.

The City contends that its ordinance is a reasonable time, place, and manner regulation that is permissible under the First and Fourteenth Amendments, and that the FCC regulation under which the Johnsons claim that the city ordinance has been preempted does not prohibit the city from enforcing its land use regulations in this case.

## I.  Federal Communications Act

The district court examined the Ordinance in light of FCC regulation 47 C.F.R. § 25.104, enacted pursuant to the FCA. The regulation provides that state or local regulations differentiating between satellite receive-only antennas and other antennas are preempted unless such regulations meet two criteria. First, the regulation must have a reasonable and clearly defined health, safety or aesthetic objective. Second, the regulation must not impose unreasonable limitations on, or prevent, reception of satellite-delivered signals by receive-only antennas or impose costs on antenna users that are excessive in light of the purchase and installation cost of the equipment.

The motions for summary judgment required the district court to examine the affidavits and other documentary evidence to determine whether a material question of fact had been presented. The City offered affidavits and staff reports to counter the Johnsons' assertion that the Ordi-

---

[*] Honorable Judith Keep, United States District Judge for the Southern District of California, sitting by designation.

nance was inconsistent with the FCC regulation because it placed such unreasonable limitations, or imposed such excessive costs, on their use of the antenna as to prevent their access to satellite delivered signals. The Johnsons objected to the City's proffer as hearsay and opinion evidence. The district court agreed and excluded the evidence. The City challenges this ruling.

The City's evidence was a sworn declaration by Brian Swift, the City's Director of Planning and Community Development, and associated staff reports. Swift's declaration discussed the Johnsons' ability to comply with the Ordinance:

> There appears to be no reason why the height of the dish cannot be lowered. In investigating the requirements for locating a receiving satellite dish, staff found that the height of the dish above the ground does not matter as long as the angle at which it is to receive ... does not meet with any interference. In this case, the satellite dish is not meeting with any interference.... If it were lowered, its angle would have to be adjusted slightly, but it does not appear that it would meet with any interference. There is a clearing in which there are no trees nor roof lines in the southerly direction that the satellite dish will be facing. In addition, the distance which the satellite dish is set back from the one-story house and the tree on the side property line is ample to avoid interference if the dish were lowered to the required ten-foot (10′) height.

Swift's declaration was based on Planning Department staff reports which the City also sought to introduce as evidence.

The first district judge to consider the matter held that the City should have produced supporting affidavits detailing the staff members' level of expertise in the field of satellite antenna reception, and the Planning Director's qualifications to reach a conclusion regarding technical aspects of satellite reception.

Federal Rule of Evidence 803(8)(C) provides for the admission of "factual findings" resulting from an investigation made pursuant to authority granted by law. In civil actions and proceedings and against the Government in criminal cases, a court should admit "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies setting forth ... factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." Fed.R.Evid. 803(8).

■ Under Rule 803(8)(C), the district court should have admitted Swift's declaration and the associated staff reports. "[F]actually based conclusions or opinions ... are not on that account excluded from the scope of Rule 803(8)(C)." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 162, 109 S.Ct. 439, 446, 102 L.Ed.2d 445 (1988); *Jenkins v. Whittaker Corp.*, 785 F.2d 720, 726 (9th Cir.1986), *cert. denied*, 479 U.S. 918, 107 S.Ct. 324, 93 L.Ed.2d 296 (1986). The Johnsons did not challenge the Planning Department's staff report and Swift's declaration as untrustworthy; rather, they contend that the City bears the burden of overcoming the hearsay rule before it can offer the documents. On summary judgement, however, this shifting of the burden would stand the public records exception on its head.

■ The trial court is entitled to presume that the tendered public records are trustworthy. If the Johnsons seriously think the documents are untrustworthy, they can challenge them on that ground. When public records are presumed authentic and trustworthy, the burden of establishing a basis for exclusion falls on the opponent of the evidence. *Keith v. Volpe*, 858 F.2d 467, 481 (9th Cir.1988), *cert. denied*, 493 U.S. 813, 110 S.Ct. 61, 107 L.Ed.2d 28 (1989). A party opposing the introduction of a public record bears the burden of coming forward with enough negative factors to persuade a court that a report should not be admitted. *Bradford Trust Co. v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 805 F.2d 49, 54 (2d Cir.1986). This rule is "premised on the assumption that public officials perform their duties properly without motive or in-

terest other than to submit accurate and fair reports." *Id.*

■ In the present case, the Johnsons offered no evidence on the unreliability of the Planning Department staff report and the declaration which summarized its findings. The City was under no obligation, at that stage of the litigation, to provide affidavits regarding the qualifications of the Planning Department's staff and its director. It was error to exclude the City's evidence. The error resulted in a summary judgment for the Johnsons on their claim that the FCC regulation preempted the City Ordinance. We reverse the district court's evidentiary ruling and its preliminary ruling (a partial summary judgment holding the Ordinance preempted). There remains a fact question of whether or not the Ordinance prevents or imposes unreasonable limitations on satellite signal reception or imposes disproportionate costs on satellite antenna users.

## II. First Amendment Claim

The case was then taken over by a second judge who turned to the constitutional questions presented by the Johnsons.

■ The First Amendment protects the public's right to receive "suitable access" to meaningful television broadcasts. *Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 390, 89 S.Ct. 1794, 1806, 23 L.Ed.2d 371 (1967). However, *Red Lion* does not stand for an absolute right to receive the maximum amount of programming feasibly accessible via satellite. The Ordinance is a content-neutral ordinance regulating the time, place, and manner of expression. A content-neutral ordinance will be upheld against a First Amendment challenge so long as it furthers a substantial governmental interest and does not unreasonably limit alternative avenues of communication. *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 47, 106 S.Ct. 925, 928, 89 L.Ed.2d 29 (1986).

The Ordinance serves the substantial governmental interest in public safety and aesthetic values. *Members of City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 805, 104 S.Ct. 2118, 2129, 80 L.Ed.2d 772 (1984). It does not unreasonably limit alternative avenues of communication. In *Howard v. City of Burlingame*, 937 F.2d 1376 (9th Cir.1991), the court found that a zoning ordinance which set a limit on the height of radio antennas was a legitimate time, place, and manner restriction. 937 F.2d at 1381. With a shorter antenna, a "ham" radio enthusiast is not able to receive signals from as great a distance as with a taller antenna, but he is still able to exercise his First Amendment rights.

Similarly, in the case at hand, the City offered evidence that the Johnsons could exercise their First Amendment rights by installing a smaller satellite dish, by adapting their backyard so that their present dish could meet the Ordinance's requirements, or by using cable transmissions or traditional television programming.

The Johnsons argue that, under the First Amendment, the Ordinance "cannot be upheld as a 'reasonable time, place and manner' regulation unless the local authority can prove that there are reasonable alternative methods for obtaining access to *the same* television services." This argument fails on two grounds.

First, the district court found that there is evidence that, even with their current antenna, the Johnsons could comply with the requirements of the Ordinance. The conflict between the Johnsons and the City became acute because the Johnsons had occupied a good part of their lot by installing a swimming pool. The best place for the satellite dish which would be consistent with both the Ordinance and good signal reception would have involved some deck or platform construction over a part of the swimming pool. The case becomes as much a freedom to swim case as a freedom of speech case.

Second, the Johnsons' argument is unsupported by the case law. The Johnsons' reliance on *Linmark Associates, Inc. v. Township of Willingboro*, 431 U.S. 85, 97 S.Ct. 1614, 52 L.Ed.2d 155 (1977) (ordinance prohibiting "for sale" signs in residential lots is invalid), and *Virginia Pharmacy*

Board v. Virginia Citizens Consumer Council, Inc., 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976) (statute prohibiting advertisement of prices for prescription drugs is invalid), is misplaced. Neither of these cases deals with a content-neutral statute. Linmark, 431 U.S. at 94, 97 S.Ct. at 1619; ("That the prescription at issue applies only to one mode of communication, therefore, does not transform this into a 'time, place, or manner' case."); Virginia Board, 425 U.S. at 771, 96 S.Ct. at 1830.

The Ordinance is a valid time, place, and manner regulation. It is not a blanket prohibition on the use of satellite dishes. Indeed, the city offered to prove that more than twenty satellite antennas have been installed in the City. The Ordinance merely prevents the installation of satellite antennas that unreasonably interfere with other individuals' enjoyment of their land and which pose issues of public safety. The district court correctly ruled that the Ordinance did not violate the constitutional rights of the Johnsons.

## CONCLUSION

The district court's judgment is AFFIRMED insofar as it denied the Johnsons relief on their constitutional claim and it is REVERSED insofar as it held the Ordinance preempted by the FCC regulation. Accordingly, the case is remanded for disposition of the question of fact whether or not the City Ordinance prevents or imposes unreasonable limitations on satellite signal reception or imposes disproportionate costs on satellite antenna users. Neither party to recover costs in this court.