33 F.3d 59
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Russell A. TINSLEY, Plaintiff-Appellant,
v.
LOMAX, Correctional Officer; Cunningham, Correctional
Officer, Defendants-Appellees.
 No. 90-15662.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 13, 1994.*
Decided Aug. 16, 1994.
 
 Before: GOODWIN, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Russell A. Tinsley, a California state prisoner, appeals pro se following an adverse jury verdict in his 42 U.S.C. Sec. 1983 civil rights case. He contends that the district court erred (1) in excluding a certain incident report prepared by prison officials; (2) in refusing to allow certain witnesses to testify; (3) in denying Tinsley's request for a continuance to secure counsel; (4) in instructing the jury on excessive force; and (5) in denying his motion for a new trial following an allegedly inconsistent jury verdict. We affirm.
 
 I.
 
 3
 On February 4, 1987, Tinsley, an inmate at California State Prison, Folsom, had an altercation with correctional officers and sustained various injuries including a black eye. Shortly thereafter, he filed this Sec. 1983 action, alleging that correctional officers Lomax and Cunningham violated his due process and Eighth Amendment rights by using excessive force against him. After some two years of pretrial proceedings, Tinsley tried the case pro se to a jury before Magistrate Judge John F. Moulds.
 
 
 4
 At trial, the defendant officers conceded that Officer Cunningham struck Tinsley once in the face while they were attempting to handcuff him, but contended that this force was not excessive given that Tinsley had refused to comply with verbal commands to "cuff up," had persisted in struggling with officers, creating a potentially dangerous situation, and had attacked Officer Lomax. Tinsley denied attacking Officer Lomax, contending that Officer Lomax had attacked him, and argued that the force was excessive. Correctional officers corroborated Officers Lomax and Cunningham's account of the incident; an inmate corroborated Tinsley's account.
 
 
 5
 The jury ultimately "agree[d] that force was used to subdue Mr. Tinsley, and that the force that was used to subdue Mr. Tinsley was probably excessive" but did "not, based on the evidence, believe that the conduct of Officer Walter Lomax or Richard Cunningham meets the test of cruel and unusual punishment." TR 358. They thus found for defendants. Tinsley filed a motion for a new trial, which was denied. Tinsley appealed.
 
 II. EXCLUSION OF THE INCIDENT REPORT
 
 6
 Tinsley first argues that the district court erred in excluding the prison "CDC 115 Incident Report" prepared on the incident. This report summarizes the testimony of various witnesses, including Officer Lomax, Tinsley, and Inmates Pasha, Stra and Jones, and concludes that Tinsley is "[n]ot Guilty [of assault], based on the statements of the requested witnesses. Reporting Officer and supplemental reports appear contradictory." CR 102, Ex. A.[1] The magistrate judge refused to admit the report into evidence and ordered that neither Tinsley nor his witnesses could refer to the outcome of the CDC hearing. TR 85, 100.
 
 
 7
 Tinsley contends that the magistrate judge should have admitted the report under Fed.R.Evid. 803(8)(c), the Public Records hearsay exception. Under Rule 803(8)(c), "factual findings resulting from an investigation made pursuant to authority granted by law" are not excludable hearsay "unless the sources of information or other circumstances indicate lack of trustworthiness." According to Tinsley, the hearing officer's conclusion that he was "not guilty" of assaulting Lomax is a factual finding made pursuant to authority granted by law.
 
 
 8
 "A trial court has broad discretion to admit or exclude evidence and we review its decision only for abuse of that discretion. Even if there is error, reversal is appropriate only if we can say that the error affected the substantial rights of the parties." In re Aircrash in Bali, Indonesia v. Zinke, 871 F.2d 812, 816 (9th Cir.) (internal quotations omitted), cert. denied sub nom Pan Am v. Causey, 493 U.S. 917 (1989); see also Montiel v. City of Los Angeles, 2 F.3d 335, 341 (9th Cir.1993). Tinsley has not shown that the district court abused its discretion or that any alleged errors affected his substantive rights.
 
 
 9
 The court properly excluded the portions of the report which quote the inmate witnesses' and Tinsley's statements. These statements are inadmissible hearsay. While Officer Lomax's statements, arguably, might be party admissions, Lomax's trial testimony does not appear inconsistent with these statements. Thus, even assuming these statements were admissible, any error in excluding them was harmless. Tinsley does not allege that admitting these statements would have affected the verdict.
 
 
 10
 Any error in excluding the report's statement that "the reporting officers' and supplemental [inmate witness] reports were inconsistent" is similarly harmless. The officer and at least one inmate witness testified at trial; the jury was well aware that these sources gave inconsistent accounts of the incident.
 
 
 11
 Thus, the only part of the report which, arguably, might have helped Tinsley's case and, arguably, could have been admitted under Fed.R.Evid 803(8)(c) is the report's ultimate conclusion that Tinsley was "not guilty." If the statement "not guilty" is a "factual finding" within the meaning of Rule 803(8)(c),[2] it is entitled to a "presumption of trustworthiness," Montiel, 2 F.3d at 335 ( quoting Keith v. Volpe, 858 F.2d 467, 481 (9th Cir.1988), cert. denied, 493 U.S. 813 (1989)). However, "[a] trial judge has the discretion, and indeed the obligation, to exclude an entire report or portions thereof ... that she determines to be untrustworthy." Beach Aircraft, 488 U.S. at 167.
 
 
 12
 Here, the magistrate judge, after discussing Rule 803(8)(c), excluded the report because:
 
 
 13
 I am not sufficiently satisfied with its trustworthiness.... I am well aware that the 115s are often done on the fly and based upon written reports without calling evidence. Which means that the jury here is going to have considerably more in front of it about what happened that day than [the prison administrator] did. [The prison administrator] is not dealing with sworn statements from anybody.... He looks at the reports from a number of sources and he reaches a decision.... [Moreover, the report] says 'Dismissed in the furtherance of justice' ... there is no particular indication what [the prison official] is saying by that. He may be saying it was too much hassle and not worth proceeding on.
 
 
 14
 TR 83-84. While the court did not require the defendants to prove untrustworthiness,[3] it also did not exclude the report "pro forma" without examining its reliability. Lubranski, 929 F.2d at 42. Rather, the court noted that the statement "not guilty" was ambiguous. Given the sparseness of the report, the "not guilty" finding could mean simply that the administrator was unable to resolve the conflict between the various reports or elected not to subject Tinsley to further punishment because he had already spent two days in administrative segregation and neither of the guards was seriously hurt. Especially where prison officials had the burden of proof, the statement "not guilty" is not equivalent to a factual finding that "Tinsley did not assault Lomax." Given this ambiguity, as well as the procedures allegedly used in preparing a CDC report, the court did not abuse its discretion in excluding the report as untrustworthy.
 
 
 15
 III. DENIAL OF TINSLEY'S REQUEST FOR A CONTINUANCE TO HAVE
 
 HIS WITNESSES TESTIFY
 
 16
 Tinsley also contends that the magistrate judge erred in refusing to grant him a continuance to locate certain witnesses and in refusing to hear certain witnesses. We disagree.
 
 
 17
 On the first day of trial, Tinsley identified seven inmates he wished to call as witnesses. TR 13-14. Four of these witnesses--Supre, Davenport, Dually, and Sullivan--had not actually seen the incident but allegedly would have testified that the defendants had harassed them on other occasions. Id. The district court excluded these witnesses under its ruling that such subsequent incidents between the defendants and inmates (and Tinsley and other guards) would not be admissible. This ruling was within the court's discretion to exclude evidence where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." Fed.R.Evid. 403.
 
 
 18
 The other three inmates Tinsley named--Pasha, Brown and Jones--had allegedly witnessed the incident. The district court permitted Pasha to testify and he did testify. Thus, the requested continuance would have, arguably, enabled Tinsley only to produce two additional witnesses--Jones and Brown.
 
 
 19
 The decision to grant or deny a continuance is in the sound discretion of the district court and will not be overturned except upon a showing of clear abuse. Ticor Title Ins. Co. v. Florida, 937 F.2d 447, 451-52 (9th Cir.1991); Sablan v. Dep't of Finance of Northern Mariana Islands, 856 F.2d 1317, 1321 (9th Cir.1988); see also Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988). "We do not find a clear abuse of discretion unless, after carefully reviewing the relevant factors, we conclude that the denial was arbitrary or unreasonable. The relevant factors are (1) the extent of the defendant's diligence in readying the defense; (2) the likelihood the continuance would have satisfied the defendants' need; (3) the inconvenience to the court, opposing party and witnesses; and (4) the extent to which the defendant may have been harmed." United States v. Shirley, 884 F.2d 1130, 1134 (1989).
 
 
 20
 Here, Tinsley failed to list Brown as a witness in any of his pretrial statements, despite the court's repeated warnings that it would not hear testimony from any witnesses not so identified in advance. See e.g., CR 38 (May 19, 1988), TR 89. Tinsley was unable to show cause for his failure to list Brown earlier, and the district court also excluded a defense witness who was first named shortly before trial. TR 89. In civil cases, a district courts has broad discretion to exclude witnesses for failure to comply with pretrial orders. United States v. Lummi Indian Tribe, 841 F.2d 317, 320-21 (9th Cir.1988); United States v. First Nat. Bank of Circle, 652 F.2d 882, 886 n. 5 (9th Cir.1981).
 
 
 21
 Moreover, on the first day of trial, Tinsley was unable to submit an affidavit showing that Brown was willing to testify (although the court had repeatedly instructed him to submit such affidavits from all inmate witnesses). He also apparently had not actually spoken to Brown, but had only learned from another inmate that Brown might be willing to testify. CR 84 (Tinsley Affidavit). Given these circumstances, the district court did not abuse its discretion in refusing to grant a continuance to allow Tinsley to locate Brown.
 
 
 22
 Tinsley similarly failed to submit the necessary affidavit from Jones. He did not move for a continuance to obtain this affidavit until several days before trial, alleging [for the first time] that he was unable to contact Jones because he had been transferred to another institution. The court deferred consideration of this motion until the first day of trial. However, on the first day of trial, Tinsley was unable to provide Jones's first name and was unsure how to reach him. He also conceded that Jones's testimony would not differ substantially from Pasha's. The case had been pending for some two years. Thus, while we may have ruled differently, we cannot say that the district court acted arbitrarily in denying Tinsley's request for a continuance to secure Jones's presence at trial. Moreover, even if Tinsley could show that the district court abused its discretion, he has not shown grounds for reversal, as he has not provided any evidence that Jones's testimony would have affected the trial's result.
 
 
 23
 IV. DENIAL OF TINSLEY'S REQUEST FOR A CONTINUANCE TO SECURE COUNSEL
 
 
 24
 Nor did the district court act arbitrarily in denying Tinsley's request for a continuance to secure counsel. Ticor Title Ins., 937 F.2d at 451-52.
 
 
 25
 Tinsley did not request a continuance to secure counsel until the morning of trial. CR 87. In response to his request, the magistrate judge telephoned the lawyer Tinsley mentioned and determined that the lawyer had not, in fact, promised to take the case. Rather, the lawyer said he was willing to review the file and consider taking the case. TR 7. As defendants pointed out, Tinsley had over two years to forward the file to this lawyer, and had repeatedly stated that he was ready for trial. Given the tentativeness of the attorney's commitment and the fact that the case had been pending for two years, the trial court's refusal to grant a continuance was not arbitrary or unreasonable.
 
 V. JURY INSTRUCTIONS
 
 26
 Tinsley also contends that the trial court erred in instructing the jury. However, Tinsley apparently did not object to the jury instructions at any time before they were given, and, in this court, does not specify which instructions were improper. Thus, Tinsley has likely waived any objections to the jury instructions. Lifshitz v. Walter Drake & Sons, Inc., 806 F.2d 1426, 1430 (9th Cir.1986). Moreover, he has not shown that the jury instructions, considered as a whole, were misleading or inadequate, Oviatt v. Pearce, 954 F.2d 1470, 1481 (9th Cir.1992), or that any such error prejudiced him. Caballero v. Concord, 956 F.2d 204, 206 (9th Cir.1992). Thus, he has not shown that the trial court abused its discretion in instructing the jury. Oviatt, 954 F.2d at 1481.
 
 VI. ALLEGEDLY INCONSISTENT JURY VERDICT
 
 27
 Finally, Tinsley argues that the district court erred in denying his motion for a new trial based on the jury's allegedly inconsistent verdict. We disagree.
 
 
 28
 A district court's denial of a motion for a new trial is reviewed only for abuse of discretion. Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 278 (1989); United States v. 99.66 Acres of Land, 970 F.2d 651, 658 (9th Cir.1992). "When faced with a claim that verdicts are inconsistent, the court must search for a reasonable way to read the verdicts as expressing a coherent view of the case, and must exhaust this effort before it is free to disregard the jury's verdict and remand the case for a new trial." Toner v. Lederle Laboratories, 828 F.2d 510, 512 (9th Cir.1987), cert. denied, 485 U.S. 942 (1988); see also Gallick v. Baltimore & Ohio RR Co., 372 U.S. 108, 119 (1963); Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 364 (1962).
 
 
 29
 Here, the jury indicated that Officers Lomax and Cunningham "probably used excessive force" but found that their actions "did not constitute an Eighth Amendment violation." According to the Supreme Court, an prisoner asserting an Eighth Amendment violation must prove both excessive force and a "subjective component ... [of] 'obduracy and wantonness, not inadvertence or error in good faith.' " Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991); ( quoting Whitley v. Albers, 475 U.S. 312 (1986)). The jury may have found that Officers Lomax and Cunningham, acting in good faith, mistakenly believed Tinsley was attacking them and that force was therefor necessary to prevent an escalating disturbance.
 
 
 30
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Defendants, inexplicably, contend that "it does not appear the report itself was ever submitted as an exhibit at trial, and it is not part of the record on appeal." Red at 18-19. While the appellate record is without a doubt somewhat confusing, as both the district court and defendants have apparently lost all their records of the proceedings, and the record was reconstructed using papers submitted by Tinsley, the report appears four times in the appellate record as it currently exists. CR 15, Exh. A, CR 28, Exh. B, CR 89 Exh. A, CR 102 Exh. A (submitted by defendants ). The record also indicates that Tinsley presented both the district court and defendants with a copy of the report at oral argument on its admissibility. TR 34. Thus, defendants' contention that the report was never submitted appears wholly without merit
 
 
 [2]
 While Rule 803(8)(c) encompasses "factually based conclusions or opinions," Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 162 (1988); Johnson v. City of Pleasanton, 982 F.2d 350, 352 (9th Cir.1992); In Re Aircrash in Bali, Indonesia, 871 F.2d at 816, the statement "not guilty" appears more of a legal conclusion. In Beech Aircraft, the Supreme Court noted that different rules might apply to legal and factual conclusions and expressed "no opinion on whether legal conclusions contained in an official report are admissible as "findings of fact" under Rule 803(8)(c)." 488 U.S. at 450 n. 13. Because we conclude that the district court did not abuse its discretion in excluding the prison administrator's conclusion as too ambiguous to be trustworthy, we also express no opinion on this issue
 
 
 [3]
 Defendants had not, in fact, offered any evidence of untrustworthiness, had not argued untrustworthiness, and had not contended that 115s are done "on the fly." Rather, they objected that report was hearsay and argued that Rule 803(8)(c) did not apply. Thus, if the report is in fact a "factual finding" within the meaning of Rule 803(8)(c), the district court may have erred in excluding it without requiring defendants to prove untrustworthiness. Montiel, 2 F.3d at 335 ("the district court's cursory denial of Montiel's Rule 803(8)(C) motion concerns us. The district court should have presumed the [report] was trustworthy and, under Keith v. Volpe, 858 F.2d at 481, shifted the burden of establishing its untrustworthiness...."); Johnson, 982 F.2d at 352-53. However, given the court's discretion to exclude reports it finds untrustworthy, this error was harmless