**UNITED STATES of America,**
**Plaintiff–Appellee/Cross–**
**Appellant,**

v.

**David Gene LEWIS, Defendant–**
**Appellant/Cross–Appellee.**

**No. 00–10239, 00–10298.**

**D.C. No. CR–99–00186–MMC.**

\* Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 13, 2001.

Decided Oct. 26, 2001.

As Amended on Denial of Rehearing Jan. 4, 2002.

Before POLITZ,\* and KOZINSKI, and O'SCANNLAIN, Circuit Judges.

MEMORANDUM \*\*

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

David Gene Lewis, who shot a prison inmate while on duty as a correctional officer at Pelican Bay State Prison, appeals his jury conviction for deprivation of rights under color of law in violation of 18 U.S.C. § 242, and use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924. Lewis contends that the district court committed reversible error in excluding the Shooting Review Board ("SRB") Report, which concluded Lewis acted in a manner consistent with relevant policy of the California Department of Corrections. We agree and reverse the conviction.

I

We review *de novo* whether the district court correctly applied Federal Rule of Evidence 803(8)(C) in excluding the SRB Report.[1] We conclude that it did not. Under Rule 803(8)(C), the district court should have admitted the SRB Report. "[F]actually based conclusions or opinions are not on that account excluded from the scope of Rule 803(8)(C)."[2] Public records tendered at trial are presumed accurate and trustworthy, and the burden rests upon the opponent of such evidence to prove otherwise.[3] The district court should have presumed the SRB Report trustworthy and shifted the burden of establishing otherwise to the government. "A party opposing the introduction of a public record bears the burden of coming forward with enough negative factors to persuade a court that a report should not be admitted."[4] "[A] trial judge has the discretion, and indeed the obligation, to exclude an entire report or portions there-

of—whether narrow 'factual' statements or broader 'conclusions'—that she determines to be untrustworthy."[5] In the instant case the district court did not apply the required standard to the proffered SRB Report. Under Rule 803(8)(c), the report should have been admitted; the government failed to carry its burden of showing that the report was untrustworthy. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 167 & n. 11, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988). We cannot say, with the required certainty, that its admission would not have affected the verdict.[6] We must therefore reverse the district court's evidentiary ruling and its judgment of conviction.

II

Lewis also asserts that the district court committed plain error when it admitted evidence of other acts under Federal Rule of Evidence 404(b). Although we need not address this issue because of the foregoing ruling, we do so to assist the trial court in any retrial.

"Rule 404(b) forbids admission of evidence of a person's other crimes, wrongs, or acts 'to prove the character of a person in order to show that he acted in conformity therewith' but provides that such evidence 'may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'"[7] "The 'rule is one of inclusion' in that 'other acts evidence is admissible whenever relevant to an issue other

**1.** *United States v. Collicott*, 92 F.3d 973, 978 (9th Cir.1996).

**2.** *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 162, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988).

**3.** *Johnson v. City of Pleasanton*, 982 F.2d 350, 352 (9th Cir.1992).

**4.** *Id.*

**5.** *Rainey,* 488 U.S. at 167.

**6.** *See United States v. Blaylock,* 20 F.3d 1458, 1464 (9th Cir.1994).

**7.** *United States v. Chea*, 231 F.3d 531, 534 (9th Cir.2000) (quoting Fed.R.Evid. 404(b)).

than the defendant's criminal propensity.' "[8]

We have articulated a four-part test to assist district courts in gauging the admissibility of evidence under Rule 404(b). "Evidence of 'other acts' is admissible when: (1) sufficient evidence exists for the jury to find that the defendant committed the other acts; (2) the other acts are introduced to prove a material issue in the case; (3) the other acts are not too remote in time; and (4) if admitted to prove intent, the other acts are similar to the offense charged."[9] If the evidence meets these requirements, the district court must then determine under Rule 403 whether the danger of unfair prejudice substantially outweighs the probative value of the evidence.[10]

The record reflects that at several points during the trial, the district court conducted extensive examinations of the relevance and probative value of the extrinsic evidence of Lewis's racist views and abusive actions outside the presence of the jury. The trial court excluded some extrinsic acts as irrelevant or unduly prejudicial and, at the close of arguments, provided a limiting instruction to the jury. Although we are troubled by the admission of some extrinsic-act evidence, defense counsel did not object.[11] We conclude that the trial court did not commit plain error. Our conclusion might well be different if counsel had objected. We are confident that at retrial the district court will permit less, if any, such evidence after the presentation of a proper objection.

### III

Finally, Lewis urges a reversal of his conviction based on prosecutorial misconduct. We are troubled by the prosecutor's misstatement of the law during closing argument; however, there was no objection and this did not constitute plain error. At the close of arguments, the trial court instructed the jury on the proper elements of the offense defined by Section 242 and squarely placed the burden on the prosecution to prove each and every element beyond a reasonable doubt. We have no reason to question the presumption that the jury followed the court's instructions.[12] The prosecutor clearly stepped over the line in his closing argument, and we expect that this misstep will not occur on retrial.

### IV

The United States cross-appeals the sentence imposed. Because we reverse on the issue of the erroneous exclusion of the SRB Report, we need not address matters of sentencing at this time.

REVERSED and REMANDED.

---

8. *Id.* (quoting *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir.1982)).

9. *United States v. Murillo*, 255 F.3d 1169, 1175 (9th Cir.2001).

10. *Chea*, 231 F.3d at 534.

11. Lewis directs our attention to the admission of especially graphic and detailed testimony regarding Lewis's apparent assault on a black inmate. Review of the record shows this evidence was admitted without objection from defense counsel or examination from the bench.

12. *United States v. Rodrigues*, 159 F.3d 439, 451 (9th Cir.1998) ("The jury is regularly presumed to accept the law as stated by the court, not as stated by counsel.").